GROSS, J.
Jeff Manchec appeals a final judgment that determined that his former stepmother was entitled to set aside Manchec’s father’s transfer of an airplane to him under the Uniform Fraudulent Transfer Act, Chapter 726, Florida Statutes (2006). We affirm, finding no errors in the admission of evidence and concluding that the evidence supported the trial judge’s ruling.
John and Veronique Manchec were divorced in 2001. Incorporating a marital settlement agreement, the final judgment required John to pay child support and to cover certain of the children’s expenses. At the time of the settlement agreement, John filed a financial affidavit stating that his gross income was $4,750 per month.
Shortly after the divorce final judgment, John acquired a Piper Seneca PA-34-200T airplane valued at $120,000. Although he originally titled the airplane in his name, two days before a September 2002 contempt hearing for failure to pay child support, John formed Executive Aviation, LLC, and transferred ownership of the airplane to it. John was the sole owner and manager of Executive Aviation, LLC; the airplane was the company’s only asset. At the contempt hearing, the trial judge held John in contempt for non-payment of child support, setting a purge amount of $19,429.81. John paid the purge amount to secure his release from jail.
In three transactions, between April 2003 and December 2003, John transferred all of his ownership interest in Executive Aviation to Jeff Manchec, his son from a previous marriage. Jeff paid no money for *1028 his interest in the company. As consideration for the airplane, Jeff pledged to his father a 25% share of all proceeds to be derived in the future from the sale of an aeronautical invention. The invention was not on the market. The Federal Aviation Administration had not yet given the approval necessary to bring the product to market.
In December 2004 the circuit court entered an order finding that John owed Veronique $33,072.12 in unpaid child support and $6,252.92 in child related expenses, retroactive to 2002. John took the position that he did not have the assets to pay his child support obligations.
In early 2004, Veronique learned of the airplane owned by Executive Aviation. In April, 2004, she filed a petition to avoid the fraudulent transfer of the airplane under Chapter 726; she named John, Jeff, and Executive Aviation as party defendants. Veronique alleged that John fraudulently transferred his ownership interest in Executive Aviation to Jeff.
At a July, 2005 trial, John did not appear. Jeff was the only witness to testify. The court found him less than credible, observing that there were “times in the testimony ... where I felt that he was being evasive with the court.” Under Chapter 726, the court found that the transfer of the airplane was fraudulent as to Veronique.
We find no error in the trial court taking judicial notice of financial affidavits that John had filed in his divorce action. The affidavits were relevant on the issue of whether John was insolvent at the time Executive Aviation transferred the airplane to Jeff. See § 726.106(1), Fla. Stat. (2006). The affidavits in the court file were the type of matter that may be judi-dally noticed. See § 90.202(6), Fla. Stat. (2006). The court gave Jeff an opportunity to present information as to the propriety of taking judicial notice and to the nature of the matter to be noticed. See § 90.204(1), Fla. Stat. (2006). The affidavits had been attached to Veronique’s motion for summary judgment heard earlier, so that Jeff was not surprised by the information. That John claimed insolvency as the reason he failed to pay child support was not an issue in dispute.
Jeff next claims that the trial court erred in finding that his promise to pay 25% of future royalties from the aeronautical invention was an “unperformed promise” within the meaning of section 726.104(1), Florida Statutes (2006). The statutory framework is this: the transfer of the airplane was fraudulent as to Vero-nique’s [1] child support claim if John “made the transfer ... without receiving a reasonably equivalent value in exchange for the transfer” and John “was insolvent ... or became insolvent as a result of the transfer.” § 726.106(1), Fla. Stat. (2006). “Value is given for a transfer ... if, in exchange for the transfer, ... property is transferred or an antecedent debt is secured or satisfied, but value does not include an unperformed promise made otherwise than in the ordinary course of the promisor’s business to furnish support to the debtor or another person.” § 726.104(1), Fla. Stat. (2006).
In the light most favorable to Vero-nique, the prevailing party below, John was insolvent at the time of the transfer of his Executive Aviation ownership interest or he became insolvent as a result of the transfer. The financial affidavits John filed in the divorce case established that *1029 his debts were greater than his assets. See § 726.103(1), Fla. Stat. (2006). Also, because John was “generally not paying his debts as they became due,” he was presumed to be insolvent. § 726.103(2), Fla. Stat. (2006).
As to the second aspect of the section 726.106(1) equation, Jeff gave no money or property in exchange for the $120,000 airplane. The promise of 25% of the future royalties of the invention was an “unperformed promise” within the meaning of section 726.104(1); there had been no sales of the invention, no projected sales and Jeff was a less than credible proponent of the invention’s prospects for generating future revenue. Moreover, distribution of the invention required FAA approval, which was, at best, uncertain. The potential of future royalties was uncertain and unfixed, two qualities that render an “unperformed promise” insufficient to qualify as “value given for a transfer” under section 726.104(1).
We find no merit as to the remaining issue and affirm the judgment of the trial court.
WARNER and TAYLOR, JJ., concur.

. This case does not fall under the exception to the “unperformed promise’’ rule, in that Jeff's promise of future royalties was not a promise to furnish support for his father or "another person.” § 726.104(1), Fla. Stat. (2006).